RIKER, DANZIG, SCHERER, HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800
FEDERAL BAR NO. RG-6618



FILED
JUN 2 8 2002
AT 8:30
WILLIAM T. WALSH
CLERK

Attorneys for Plaintiffs, THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA, et al.

| | |
|---|---|
| THE PRUDENTIAL COMPANY OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES GYPSUM COMPANY, et al.,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NOS.   87-4227 (HAA)<br>                                   87-4238 (HAA)<br><br>**CERTIFICATION OF PLAINTIFFS' COUNSEL IN SUPPORT OF MOTION TO CERTIFY, AS FINAL JUDGMENTS, ORDERS GRANTING SUMMARY JUDGMENTS TO DEFENDANTS U.S. GYPSUM AND U.S. MINERAL PRODUCTS CO.** |

I, Robert J. Gilson, Esq., of full age, hereby certify and say:

1.  I am an attorney at law of the State of New Jersey and I have been admitted to practice before the United States District Court for the District of New Jersey. I am a partner with the law firm of Riker, Danzig, Scherer, Hyland & Perretti LLP ("Riker Danzig"), co-counsel for plaintiffs, The Prudential Insurance Company of

America, PIC Realty Corporation and 745 Property Investments (collectively, "Prudential") in the above-captioned matters.

   2. This Certification is being submitted in support of plaintiff's Motion to certify as final judgments under Rule 54(b) the Orders granting summary judgments to defendants United States Gypsum ("U.S. Gypsum") and United States Mineral Products Co. ("USMP").

   3. Attached to this Certification are true and correct copies of the following:

| | |
|---|---|
| Exhibit A: | An Order granting summary judgment in favor of defendant U.S. Gypsum, dated and filed on June 20, 2001; |
| Exhibit B: | An Order granting summary judgment in favor of defendant USMP dated and filed on July 12, 2001 and entered on the docket on July 13, 2001; |
| Exhibit C: | An Order entered by the United States Court of Appeals for the Third Circuit and dated April 3, 2002; |
| Exhibit D: | Two Orders entered by the United States Bankruptcy Court for the District of Delaware; one Order in the matter of In Re: USG Corporation, Case No. 01-2094 (RJN), modifying the automatic stay and dated April 30, 2002; another Order in the matter of In Re: U.S. Mineral Products Co., et al., Case No. 01-2471 (RJN), modifying the automatic stay and dated May 2, 2002. |

I certify and declare that the foregoing statements made by me are true. I am aware that if the foregoing statements made by me are willfully false, I could be subject to punishment.

               _____
               Robert J. Gilson

Dated: June 27, 2002

2

3166750

EX. A

**FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES GYPSUM COMPANY ET AL., <br><br> Defendants. | Civ. No. 87-4227 <br> Civ. No. 87-4238 <br> (HAA) <br><br> ORDER |

Ackerman, D.J.

This matter having come before the Court on a motion by defendant United States Gypsum Company ("Gypsum") for partial summary judgment against plaintiff, the Prudential Insurance Company of America ("Prudential") on the grounds of *res judicata* or lack of subject matter jurisdiction; for summary judgment dismissing Prudential's Racketeer Influenced and Corrupt Organizations Act ("RICO") claims as barred by the statute of limitations; and for summary judgment dismissing Prudential's RICO claims on substantive grounds, and this court having considered the arguments of counsel for Gypsum and for Prudential, and for the reasons set forth in an opinion issued this same day:

IT IS on this 20th day of June, 2001,

ORDERED that Gypsum's motion for summary judgment as to the Gaslight Tower of

1

Twin Towers; Northland Towers; Five Penn Center; One Embarcadero Center; Two Embarcadero Center; Prudential Plaza, Denver; and Renaissance Tower is GRANTED; and IT IS

ORDERED that Gypsum's motion for summary judgment as to the South Tower of the Twin Towers and Century Center IV is denied; and IT IS

ORDERED that Gypsum's motion for summary judgment dismissing Prudential's Racketeer Influenced and Corrupt Organizations Act ("RICO") claim as barred by the statute of limitations is GRANTED; and IT IS

ORDERED that Prudential's remaining state-law claims are dismissed.

_[signature]_

Hon. Harold A. Ackerman, U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE OF AMERICA, ET AL. | : : : : | CIVIL ACTION |
| Plaintiffs, | : : | 87-4227 (HAA) 87-4238 (HAA) |
| vs. | : ENTERED : ON : THE DOCKET | FILED |
| UNITED STATES GYPSUM COMPANY, ET AL. | : JUL 1 3 2001 : : WILLIAM T. WALSH, CLERK By_____ (Deputy Clerk) : | JUL 1 2 2001 AT 8:30 WILLIAM T. WALSH CLERK |

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, UNITED STATES MINERAL PRODUCTS COMPANY

This matter having come before the Court on motion by defendant, United States Gypsum Company ("Gypsum"), for partial summary judgment against plaintiff, The Prudential Insurance Company of America ("Prudential") on the grounds of *res judiciata* or lack of subject matter jurisdiction; for summary judgment dismissing Prudential's Racketeer Influenced and Corrupt Organizations Act ("RICO") claims as barred by the statute of limitations; and for summary judgment dismissing Prudential's RICO claims on substantive grounds; and defendant, United States Mineral Product Company ("USMP"), having joined in Gypsum's motion for summary judgment dismissing the RICO claims as barred by the statute of limitations and for summary judgment dismissing Plaintiff's RICO claims on substantive grounds, and this Court having considered the arguments of counsel for Gypsum, in which USMP joined, and the arguments of Prudential, and for the reasons set forth in the Court's opinion issued June 20, 2001;

IT IS on this 12th day of July, 2001,

ORDERED that Plaintiff's Racketeer Influenced and Corrupt Organizations Act claim against United States Mineral Products Company be and hereby is dismissed as barred by the statute of limitations; and it is further

ORDERED that Prudential's remaining state-law claims against United States Mineral Products Company be and hereby are dismissed.

_____
Hon. Harold A. Ackerman, U.S.D.J.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
February 8, 2002
C-52

### No. 01-2975

Prudential v. United States Gypsum

On Appeal from the United States District Court for the District of New Jersey
D.C. No. 87-cv-04238

Present: SCIRICA, AMBRO and STAPLETON, Circuit Judges

1. Clerk's submission for Possible Dismissal of Appeal due to a Jurisdictional Defect.

2. Response by Appellants to the Clerk's Letter Regarding Possible Dismissal.

3. Response by Appellee, US Gypsum Co. to the Clerk's Letter Regarding Possible Dismissal.

4. Response by Appellee, WR Grace & Co. to the Clerk's Letter Regarding Possible Dismissal.

5. Response by Appellee, United States Mineral Products Company to Clerk's Letter Regarding Possible Dismissal.

Charlene Crisden
Case Manager 267-299-4923

_____ O R D E R _____

Because the order appealed does not dismiss all claims as to all parties and is not certified by the District Court under Fed. R. Civ. P. 54(b), the order is not appealable at this time. Andrews v. United States, 373 U.S. 334 (1963). Accordingly, the appeal is dismissed for lack of appellate jurisdiction.

Circuit Judge

Dated:

CLC/cc: DB, RJG, RAH, KMD
AJM, NM

#2240

IN THE UNITED STATES BANKRUPTCY COURT **ORIGINAL**

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| USG CORPORATION, a Delaware | ) | Case No. 01-2094 (RJN) |
| corporation, et al., | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

## ORDER MODIFYING THE AUTOMATIC STAY (REGARDING DOCKET NO. 2031)

THIS MATTER having come before the Court on the motion (the "Motion") of Prudential Insurance Company of America, PIC Realty Corporation, and 745 Property Investments (the "Claimants") for an order modifying the automatic stay, and the Court having considered the papers submitted in connection with the Motion, and the Court having heard oral argument; and for cause shown;

IT IS HEREBY ORDERED THAT:

1. The Claimants' Motion to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) is GRANTED only to the extent provided below.

2. The Claimants are permitted to (i) request the United States District Court for the District of New Jersey (the "New Jersey Federal Court") to certify the Order dated June 20, 2001 (the "Order"), which was issued by the New Jersey Federal Court in the Claimants' litigation against U.S. Gypsum and other parties, as a final judgment against U.S. Gypsum in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, and (ii) if the Order is certified as a final judgment, appeal the Order to the United States Court of Appeals for the Third Circuit.

Dated: April 30, 2002

_____
The Honorable Randall J. Newsome

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

**ORIGINAL**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| U.S. MINERAL PRODUCTS COMPANY, et al., | ) ) | Case No. 01-2471(RJN) |
| | ) | Jointly Administered |
| Debtors. | ) | |

## ORDER MODIFYING THE AUTOMATIC STAY (REGARDING DOCKET NO. 398)

THIS MATTER having come before the Court on the motion (the "Motion") of Prudential Insurance Company of America, PIC Realty Corporation, and 745 Property Investments (the "Claimants") for an order modifying the automatic stay, and the Court having considered the papers submitted in connection with the Motion, and the Court having heard oral argument; and for cause shown;

IT IS HEREBY ORDERED THAT:

1. The Claimants' Motion to lift the automatic stay pursuant to 11 U.S.C. § 362(d)(1) is GRANTED only to the extent provided below.

2. The Claimants are permitted to (i) request the United States District Court for the District of New Jersey (the "New Jersey Federal Court") to certify the Order dated July 13, 2001 (the "Order"), which was issued by the New Jersey Federal Court in the Claimants' litigation against United States Mineral Products Company ("USMP") and other parties, as a final judgment against USMP in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, and (ii) if the Order is certified as a final judgment, appeal the Order to the United States Court of Appeals for the Third Circuit.

Dated: May __, 2002

_____
The Honorable Randall J. Newsome