545

MORGAN, LEWIS & BOCKIUS LLP
Dennis J. Valenza
502 Carnegie Center
Princeton, NJ 08540-6241
(609) 919-6600

MORGAN, LEWIS & BOCKIUS LLP
Kell M. Damsgaard
Kevin M. Donovan
1701 Market Street
Philadelphia, PA 19103
(215) 963-5592/5420

Attorneys for Defendant
United States Gypsum Company



FILED
JUL 1 9 2002
AT 8:30
WILLIAM T. WALSH
CLERK

|  |  |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
|  | Honorable Harold A. Ackerman |
| Plaintiffs, |  |
|  | Civil Action No. 87-4227(HAA) |
| v. | Civil Action No. 87-4238(HAA) |
| UNITED STATES GYPSUM COMPANY, et al., | Certification of Kevin M. Donovan in Support of Response to Plaintiff's Motion to Certify as Final Judgments Under Rule 54(b) |
| Defendants. |  |

I, KEVIN M. DONOVAN, hereby certify as follows:

1. I am an attorney duly admitted to practice in the Commonwealth of Pennsylvania and a member of the firm Morgan, Lewis & Bockius LLP. I have been admitted to practice before this Court pro hac vice as counsel for defendant United States Gypsum Company ("U.S. Gypsum") in the above-captioned action.

2.      Attached hereto as Exhibit A is a true and correct copy of a November 27, 2001 Order of Chief Judge Edward R. Becker titled Designation of a District Judge for Service in Another District Within the Circuit.

3.      Attached hereto as Exhibit B are excerpts from the April 30, 2002 hearing before the United States Bankruptcy Court for the District of Delaware on the motion to modify the automatic stay.

I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

*Kevin M. Donovan*

Dated: July 19, 2002

2

Ex. A

## DESIGNATION OF A DISTRICT JUDGE
## FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

WHEREAS, in my judgment the public interest so requires NOW, THEREFORE, pursuant to the provisions of Title 28 U.S.C. § 292(b), I do hereby designate and assign the Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey to hold court in the District of Delaware during the period beginning November 27, 2001 and ending November 27, 2002, and for such additional time thereafter as may be required to complete unfinished business in the following cases:

| | |
|---|---|
| Armstrong Work Industries | No. 00-4471 |
| Federal-Mogul | No. 01-10578 |
| USA | No. 01-2094 |
| W.R. Grace | No. 01-1139 |
| Owens Corning | No. 00-3837 |

This order is entered after consultation with and with and the assent of Chief Judge Sue L. Robinson, Judge Joseph J. Farnan, Jr., Judge Roderick R. McKelvie and Judge Gregory M. Sleet of the District of Delaware. As Chief Judge of the Court of Appeals and presiding officer of the Judicial Council of the Third Circuit, it is my considered judgment that these bankruptcy cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a single judge so that a coordinated plan for management can be developed and implemented. It is contemplated that Judge Wolin will assign a portion of these cases to various bankruptcy judges sitting in the District of Delaware so they may assist in moving these matters forward. As a

NOV-27-2001  14:08    EDWARD R BECKER                      215 597 7217    P.04/04

significant portion of the asbestos cases in this country are proceeding under the aegis of this litigation, I deem this assignment and consolidation critically important to the administration of justice.

_____
Edward R. Becker
Chief Judge of the Third Judicial Circuit

Dated: 11-27-01

TOTAL P.04

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| USG CORPORATION, a Delaware corporation, et al.,[1] | ) ) ) | Case No. 01-2094 (RJN) |
| Debtors. | ) ) | Jointly Administered |

## NOTICE OF FILING OF APRIL 30, 2002 HEARING TRANSCRIPT

Daniel J DeFranceschi (No. 2732)
Paul N. Heath (No. 3704)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Telephone: (302) 651-7700

-and-

David G. Heiman (OH I.D. 0038271)
JONES, DAY, REAVIS & POGUE
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939

Paul E. Harner (OH I.D. 0043854)
Brad B Erens (IL I.D. 6206864)
JONES, DAY, REAVIS & POGUE
77 West Wacker
Chicago, Illinois 60601
Telephone: (312) 782-3939

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

Dated: May 6, 2002
Wilmington, Delaware

---

[1] The Debtors are the following 11 entities: USG Corporation, United States Gypsum Company, USG Interiors, Inc., USG Interiors International, Inc., L&W Supply Corporation, Beadex Manufacturing, LLC, B-R Pipeline Company, La Mirada Products Co., Inc., USG Industries, Inc., USG Pipeline Company and Stocking Specialists, Inc.

RLF1-2455557-1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

In re:                              : Chapter 11
                                    :
USG CORPORATION, a Delaware         : Case No. 01-2094 (RJN)
corporation, et al.,                :
                                    :
           Debtors.                 : Jointly Administered

United States District Court
844 King Street
Wilmington, Delaware

Tuesday, April 30, 2002
10:00 a.m.

BEFORE: THE HONORABLE RANDALL J. NEWSOME
        United States District Court Judge

APPEARANCES:

DANIEL J. DeFRANCESCHI, ESQ.
RICHARDS, LAYTON & FINGER
    and
BRADY L. GREEN, ESQ.
MORGAN, LEWIS & BOCKIUS LLP
    and
KEVYN D. ORR, ESQ.
PAUL E. HARNER, ESQ.
JONES, DAY, REAVIS & POGUE
    and
PAUL R. FRIEDMAN, ESQ.
SHEA & GARDNER
    for the Debtors

COPY

APPEARANCES, cont'd:

MATTHEW G. ZALESKI, III, ESQ.
CAMPBELL & LEVINE, LLC.
and
PETER VAN N. LOCKWOOD, ESQ.
CAPLIN & DRYSDALE
    for Asbestos P. I. Committee

NEIL B. GLASSMAN, ESQ.
THE BAYARD FIRM
and
SCOTT L. BAENA, ESQ.
JAY M. SAKALO, ESQ.
BILZIN, SUMBERG, DUNN, BAENA, PRICE
& AXELROD LLP
and
MARTIN W. DIES, ESQ.
LAW OFFICES OF MARTIN DIES
    for Property Damage Committee

MICHAEL R. LASTOWSKI, ESQ.
DUANE, MORRIS & HECKSCHER LLP
and
DENISE WILDES, ESQ.
STROOCK, STROOCK & LAVAN
    for Creditors' Committee

KAREN C. BIFFERATO, ESQ.
CONNOLLY, BOVE, LODGE & HUTZ
and
ROBERT J. GILSON, ESQ.
RIKER, DANZIG, SCHERER, HYLAND
& PERRETTI LLP
    for Prudential, et al.

FRANK PERCH, ESQ.
OFFICE OF THE U. S. TRUSTEE
Department of Justice

2

Hawkins Reporting Service
715 N. King Street, Ste. 3 - Wilmington, Delaware 19801
(302) 658-6697    Fax (302) 658-8418

APPEARANCES, (by phone), cont'd:

    WARREN SMITH, ESQ.
    WARREN SMITH & ASSOCIATES
      for Fee Auditor

    J. MICHAEL KELLY, ESQ.
    COOLEY GODWARD

    TERRY MALIK, ESQ.
    WINSTON & STRAWN
      for Arthur Anderson

3

7

1    THE COURT: I don't know whether I said
2  it before, maybe I didn't, because this was continued
3  once before, but I'll say it now. The document
4  production requests is way too broad. Tell them that.
5  Perhaps that will get this off the dime and then we
6  won't have to hear it.
7    MR. ORR: Thank you, Your Honor. I will
8  make a copy of the transcript.
9    THE COURT: Okay. No. 7. Four-Four.
10  This has been continued yet again.
11    MR. ORR: Right. That was their request
12  previously that we carried over to the May hearing.
13    THE COURT: As to No. 6 and No. 7,
14  they're not going to get continued again. They're
15  going to get heard on May whatever the date is at the
16  end of May or they're going to go away, one of the
17  two.
18    MR. ORR: Okay. Very good, Your Honor.
19    THE COURT: No. 8. Motion of Prudential
20  and Two Subsidiaries for Relief from the Stay to
21  Pursue a Third Circuit Appeal.
22    MR. ORR: Yes, Your Honor.
23    MS. BIFFERATO: Good morning, Your
24  Honor. Karen Bifferato on behalf of Prudential and

8

1   its subsidiaries.
2              Your Honor, I'd like to move the
3   admission pro hac vice of my co-counsel who is going
4   to be handling this matter.
5              Back in March I filed a motion to move
6   his admission but I don't believe it's been entered
7   yet.  His name is Robert Gilson from Riker, Danzig,
8   Scherer, Hyland & Perretti and he's a member in good
9   standing of the bar of New Jersey.
10             THE COURT:  All right.
11             MR. GILSON:  Good morning, Your Honor.
12             THE COURT:  Good morning.  I've been
13  over the paperwork here.  I read the briefs.  I guess
14  my question is to Mr. Orr.  Since this has been going
15  on for 14 or 15 years, wouldn't the Debtor like to get
16  a final resolution of it by way of this appeal?  I
17  don't know whether or not they're going to get a Rule
18  54(b) certification, but there's only one way to find
19  out and that's for them to go back to the District
20  Court and see if they can get it.
21             If they don't get it, my proposal would
22  be that's the end.  If they don't get a certification,
23  the stay remains in effect.  If they do get a
24  certification under 54(b), they can take their appeal

Hawkins Reporting Service
715 N. King Street, Ste. 3 - Wilmington, Delaware 19801
(302) 658-6697      Fax (302) 658-8418

9

1  to the Third Circuit and get it resolved.
2         MR. ORR: Your Honor, our concern, as we
3  said in our papers, is that the continuation of the
4  appeal after fourteen years under the standards of the
5  law, first of all, the burden has not been met.
6  Secondly, Your Honor, it just spawns additional
7  litigation.
8         THE COURT: What burden hasn't been met?
9         MR. ORR: The burden for Stay relief,
10 Your Honor.
11        THE COURT: You haven't shown any great
12 prejudice to the estate if, in fact, they get relief.
13 Hardship to the movant, I don't know whether that
14 considerably outweighs the hardship to the Debtor. I
15 don't know what the probability of prevailing on the
16 merits is, so the evidence is pretty much inequitably
17 poised and probably tilts in their favor since I can't
18 find great prejudice to the estate.
19        MR. ORR: Well, Your Honor, the
20 prejudice to the estate continues with regard to
21 pursuing the appeal at all levels. We think this is
22 just going to spawn additional appeals, not just at
23 the district court level but go up to the Third
24 Circuit. After the Third Circuit, there will be a

10

1  request for --
2          THE COURT:  That assumes they're going
3  to get a 54(b) certification.
4          MR. ORR:  That does, but aside from the
5  appellate factor, Your Honor, we currently have today
6  a Motion to approve a bar date for the PD claims.
7  Frankly, Your Honor, looking at the papers, we don't
8  see why Prudential should be treated any differently
9  than any other PD claimant with regard to --
10         THE COURT:  I find that ironic that the
11 Debtor is taking that disposition in this particular
12 matter because they won.
13         MR. ORR:  Yes.  And we would not like to
14 see the appeals continue.
15         THE COURT:  Eventually you're going to
16 have to get this resolved.  I mean, isn't it true that
17 I'm going to have to lift the stay either now or later
18 as to this?  Or perhaps not.
19         MR. ORR:  Perhaps not, Your Honor.
20         THE COURT:  Why would anybody attempt to
21 liquidate Prudential's rights as to property damage
22 when they have been litigating it for 14 years in
23 another court?  I'm not going start from Ground Zero
24 on that.

Hawkins Reporting Service
715 N. King Street, Ste. 3 - Wilmington, Delaware 19801
(302) 658-6697       Fax (302) 658-8418

11

1            MR. ORR:  Well, we don't think you'll
2   have to start from Ground Zero, Your Honor.
3            Prudential files the claims as all other PD claimants
4   have to file and they come in based upon their claims
5   as they were written.
6            There are two issues:  (1), there are
7   Prudential's litigation claims which have been denied
8   multiple times at different court levels in both the
9   state and federal court.  Those claims have been
10  characterized invariably as absurd or plausible,
11  whatever.  In order for them to pursue those claims in
12  this court is a tremendous waste of time;
13           (2), to the extent they're actually
14  valid claims --
15           THE COURT:  They're going to pursue
16  their claims if I don't lift the Stay.
17           MR. ORR:  They can pursue their claims
18  with regard to the supposed property damage, not with
19  regard to the claims that they have made in federal
20  court.  Those claims have been resolved, and whether
21  they want to pursue them here --
22           THE COURT:  They haven't been resolved
23  because they haven't taken an appeal from the Motion
24  for Summary Judgment that was granted against them.

12

1  MR. ORR: Judge, they took an appeal
2  from the state court action; the Motion for Summary
3  Judgment was granted. You're right. They have not
4  got a 54(b) certification. Whether they get that or
5  not, those claims have been characterized as specious.
6  The claims I'm talking about --
7  THE COURT: That's by the District
8  Court. The Third Circuit might have something else to
9  say about it --
10  MR. ORR: The Third Circuit might, Your
11  Honor, but --
12  THE COURT: -- Motion for Summary
13  Judgment, Mr. Orr, and we all know how vulnerable
14  those are.
15  MR. ORR: Motions for Summary Judgment
16  might be except that on the facts as alleged --
17  THE COURT: That's part of the reason
18  why you don't want the Stay lifted.
19  MR. ORR: No. To be perfectly honest,
20  Your Honor, it's the expense of the litigation going
21  forward. It's an inability to see why --
22  THE COURT: Expense in this case based
23  upon my review of the fee applications is really a
24  minor factor.

13

1          MR. ORR: Judge, it's not just expense.
2  It's having to deal with the appeal at all levels.
3  It's the fact that why, all things being equal, Your
4  Honor --
5          THE COURT: If you go to the Third
6  Circuit on their claims, that will take care of them
7  if they sustain the Summary Judgment order, won't it?
8          MR. ORR: It would; but, Judge, we still
9  don't get to the point: Why should Prudential be
10 treated differently than any other PD claim?
11         THE COURT: Because they have already
12 litigated their claims. They already have a final
13 judgment or about to have a final judgment, and that's
14 why. They're a whole lot different than the rest of
15 these property damage claims that aren't anywhere near
16 the judgment.
17         MR. ORR: The judge in Nevada's
18 rationale of what you're saying is claimants ... hurry
19 ... go to court because --
20         THE COURT: No. I'm saying hurry up and
21 take your appeal, and that's a big difference.
22         MR. ORR: Okay. Judge, we strenuously
23 object.
24         THE COURT: I know you do and the Motion

14

1   is granted to this extent: That they go forward and
2   try to get their 54(b) certification. If they don't
3   get it, the Stay remains in effect. If they do get
4   it, they can take their appeal to the Third Circuit,
5   and that's the extent to which the Stay is lifted.
6   That's my order.
7           MR. ORR: Okay. Fair enough, Your
8   Honor.
9           THE COURT: The next matter is an
10  Application to Appoint Hilsoft Notifications as Expert
11  for the PD, Claims.
12          MR. BAENA: May it please the Court,
13  Scott Baena on behalf of the Official Committee of
14  Property Damage Claimants. Good morning, Judge.
15          THE COURT: Good morning. As I
16  understand it, there's an agreement that's been
17  reached here as to for fifty hours of work by this
18  professional.
19          MR. BAENA: Mr. Hilsey. And Mr. Hilsey
20  has essentially completed his work. We are actually
21  in the hall right now, Your Honor, finalizing the last
22  details of the notices. He was strictly used in a
23  consultant capacity. He was not used to devise a
24  notice program but rather to help us understand the


Hawkins Reporting Service
715 N. King Street, Ste. 3 - Wilmington, Delaware 19801
(302) 658-6697    Fax (302) 658-8418
