CLERK
UNITED STATES DISTRICT COURT
NEWARK, NEW JERSEY 07101-0419

OFFICIAL BUSINESS

**FILE COPY**

Dennis J. Valenza, Esq.
Morgan, Lewis & Bockius
2000 One Logan Square
Philadelphia, PA 19103

INSUFFICIENT ADDRESS
ATTEMPTED NOT KNOWN
NO SUCH NUMBER/ STREET
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD           ☐ OTHER

A
C
S

*RTS*
RETURN TO SENDER

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                        )
THE PRUDENTIAL INSURANCE COMPANY        )
OF AMERICA, ET AL.,                     )
                                        )      Civ. No. 87-4227
            Plaintiffs,                 )      Civ. No. 87-4238
                                        )         (HAA)
            v.                          )
                                        )
UNTIED STATES GYPSUM COMPANY            )      **OPINION & ORDER**
ET AL.,                                 )
            Defendants.                 )
                                        )
```

**Ackerman, D.J.**

This matter comes before the Court a motion by plaintiff, the Prudential Insurance

Company of America ("Prudential") for certification as final judgments under Federal Rule of

Civil Procedure 54(B) this court's dismissals of all claims against Defendants United States

Gypsum Company ("Gypsum") and U.S. Mineral Products Company ("U.S. Mineral")

(collectively "Defendants"). Gypsum and U.S. Mineral oppose this motion. For the reasons

stated below, this motion is GRANTED.

### Background

In October 1987, Plaintiff brought this action against Defendants in this court to recover

the costs it expended monitoring, abating, and removing from its buildings asbestos-containing

materials ("ACM") manufactured by Defendants. Jurisdiction was based on Plaintiff's claims

1

that Defendants engaged in a pattern of racketeering activities in violation of the Racketeer

Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"), and supplemental

jurisdiction over state-law claims, including product liability, in accordance with 28 U.S.C. §

1367.

Gypsum, U.S. Mineral and two other defendants filed a series of summary judgment

motions, and on June 20, 2001, the Court issued an order and opinion granting Gypsum's motion

for summary judgment in the above matter. This Court (1) dismissed Prudential's RICO claims

as barred by the four-year limitations period, (2) granted in part and denied in part Gypsum's

motion for partial summary judgment dismissing certain of Prudential's claims on the grounds

that certain claims had been resolved as part of a settlement in a parallel Pennsylvania State

Court Class Action, and (3) dismissed Prudential's remaining state-law claims against U.S.

Gypsum from federal court without prejudice to be refiled in state court because this Court

decline to continue to exercise supplemental jurisdiction. 146 F.Supp.2d 643 (D.N.J. 2001).

That opinion details the lengthy factual and procedural background in this case, and this court

will not review that history here. U.S. Mineral Products had joined in U.S. Gypsum's summary

judgment motion, and on July 13, 2001, this Court entered a separate Order dismissing

Prudential's RICO claims against U.S. Mineral and dismissing the remaining state law claims

without prejudice to refile those claims on the grounds that this Court declined to exercise

supplemental jurisdiction.

On June 25, 2001, Gypsum filed for Chapter 11 Protection under the Bankruptcy Code,

and on July 23, 2001, U.S. Mineral also filed for Chapter 11 Protection under the Bankruptcy

Code. All other co-defendants in this case have either sought Chapter 11 protection under the

2

Bankruptcy Code or dissolved.   On July 18, 2001, Prudential appealed this court's orders of

June 20, 2001 and July 13, 2001.  On April 3, 2002, the United States Court of Appeals for the

Third Circuit dismissed that appeal, finding that "[b]ecause the order does not dismiss all claims

as to all parties and is not certified by the District Court under Fed. R. Civ. P. 54(b), the order is

not appealable at this time. *Andrews v. United States*, 373 U.S. 334 (1963).  Accordingly, the

appeal is dismissed for lack of appellate jurisdiction." Order of the U.S. Court of Appeals for the

Third Circuit, No. 01-2975, April 3, 2002.

In April and May 2002, the U.S. Bankruptcy Court lifted stays in the Gypsum and U.S.

Mineral bankruptcy proceedings so that Prudential could request this Court to certify as final

judgments the Orders of June 20, 2001 and July 13, 2001 in accordance with Federal Rule of

Civil Procedure 54(b), and appeal those Orders to the Third Circuit.

### *Legal Standard and Analysis*

Prudential brings this motion requesting that this Court certify for appeal the Orders of

June 20, 2001 and July 13, 2001 under Rule 54(b). That rule provides, *inter alia*,

> When more than one claim for relief is presented in an action . . . or when
> multiple parties are involved, the court may direct the entry of a final judgment
> as to one or more but fewer than all of the claims or parties only upon an
> express determination that there is no just reason for delay and upon an express
> direction for entry of judgment.

Fed. R. Civ. P. 54(b). This rule is intend "to strike a balance between the undesirability of

piecemeal appeals and the need for making review available at a time that best serves the needs

of the parties." *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 363 (3d Cir.

1975). Certification depends upon (1) whether the judgments are final; and (2) whether they are

ready for appeal. *Gerardi v. Pelullo*, 16 F.3d 1363, 1368 (3d Cir. 1994). An order is final if it

3

"ends the litigation on the merits and leav[es] nothing for the court to do but to execute the judgment." *Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150, 1153 (3d Cir. 1990 (citations omitted). In determining whether there is "no just reason for delay," the court must consider the judicial administrative interests, namely preventing "piecemeal appeals,"and to balance the equities of the case. *Curtiss-Wright*, 446 U.S. at 8. When making this determination, the court should weigh the following factors: whether (1) certification would result in unnecessary appellate review; (2) the claims are separate, distinct and independent of any of the other claims or counterclaims involved; (3) review of these claims does not stand to be mooted by additional developments in the case; and (4) there is no possibility of repetition. *Id.* at 6.

Prudential contends that in the instant matter all factors weigh in favor of certifying the Orders for appeal. First, it argues that the Orders are dispositive of all claims against Gypsum and U.S. Mineral. Plaintiff goes on to assert that the issues in this appeal will ultimately appear before the Third Circuit, either now or after an appeal from the bankruptcy proceedings; if the Third Circuit decides the issues now, the bankruptcy court will be able to resolves the issues between the parties much more accurately and efficiently. There are no other active defendants in this matter, and therefore no other active claims likely to be appealed to the Third Circuit. Therefore, the matters on appeal are unlikely to be subject to repetition or mooted by additional developments in the case.

Gypsum responds, in a brief joined by U.S. Mineral,[1] that Prudential's motion to certify should be denied because it does not promote judicial efficiency. Gypsum asserts that if the

---

[1]*See* Letter to the Court from Nancy McDonald, of McElroy, Deutsch & Mulvaney, LLP, Counsel to U.S. Mineral, July 18, 2002.

4

Third Circuit were to reverse this Court's decision upon appeal, then Gypsum's remaining motions would have to be determined by the bankruptcy court, all of which would be subject to appeal to the district and appellate courts. In the meantime, Prudential is likely to appeal the disposition of its unadjudicated state laws claims from bankruptcy to the district and appellate courts. Furthermore, because Prudential has pled joint and several liability with respect to each of the co-defendants in this case, the bankruptcy court overseeing the bankruptcy of co-defendant W.R. Grace & Co.-Conn. ("Grace") will likely be addressing the same issues that the Third Circuit is addressing in the appeal of this Court's Orders. Finally, the Third Circuit will ultimately hear each of Prudential's claims, if Prudential decides to appeal the decision of the bankruptcy court.

Gypsum also points out that Chief Judge Edward R. Becker has ordered the consolidation of five major asbestos bankruptcies, including those of Gypsum and Grace. Gypsum contends that the consolidated bankruptcy litigation is the most appropriate place to manage claims against defendants, preventing piecemeal adjudication of their claims. Gypsum asserts that Prudential stands in no different position than any of the defendant's other creditors and, therefore, should not be given special treatment by being allowed to pursue its claims outside of bankruptcy.

This court need not decide, however, whether Prudential is receiving special treatment *vis a vis* Defendants' other creditors by being allowed to pursue certification and appeal. That judgment is in the hands of the Bankruptcy Court, who has already, in its considered judgment, determined that Prudential should have the opportunity to pursue its claims, should this court find such appeal just and efficient. *See Transcript of Hearing before Hon. R. Newsome* at 9-13; *In re USG Corporation*, No. 01-2094 (RJN), Order Modifying the Automatic Stay Regarding

5

Docket No. 2031, April 30, 2002.

The court observes that as to Gypsum and U.S. Mineral, the orders of June 20, 2001 and July 13, 2001 are final and no claims remain before this Court in this matter with respect to Gypsum or U.S. Mineral. The court further finds that certification of the court's two orders would create the most fair and efficient resolution of this matter.

First, this court does not find that certification would result in unnecessary appellate review. While the court recognizes that identical issues will be litigated in Grace's bankruptcy proceedings as in Gypsum's and U.S. Mineral's appeal, the bankruptcy proceeding could be facilitated by a Third Circuit ruling as to Prudential's RICO claims. Certainly, United States Bankruptcy Judge Randall J. Newsome indicated that the Chapter 11 proceedings before him would be facilitated by the resolution of Prudential's claims. As Judge Newsome noted, Prudential has invested approximately fourteen years of litigation in its claims against U.S, Mineral and Gypsum, which it values at a total of approximately $42,715,000, and is therefore unlikely to willingly liquidate its claims. Transcript at 10:20-23. Moreover, Judge Newsome referred to the difficulty of beginning from "Ground Zero" in determining the value of the parties' claims. *Id.* at 10:23-24. These comments suggest that, in so far as the bankruptcy court is concerned, a final resolution of Prudential's claims on appeal would greatly facilitate the issues to be resolved in that court. As other courts have found, the bankruptcy court specializes in the resolution of matters of bankruptcy law, whereas the matters relevant to this appeal are RICO law and *res judicata. See In re Montague Pipeline Technologies Corp.*, 209 B.R. 295, 300 n.6 (E.D.N.Y. 1997).

As Judge Newsome noted, should this court deny certification, Prudential is likely to

6

appeal the bankruptcy decision to the Third Circuit, in which case that Court would be required to review these issues. Such an appeal would also require another district court to address Prudential's claims. Therefore, more judicial resources may likely be expended if this matter is resolved in bankruptcy than if it is subject to immediate appeal. In any case, it is likely to be appealed to the Third Circuit either prior to or after bankruptcy's resolution of Prudential's claims.

Gypsum points out that subsequent appeals may result from a reversal of this court's Orders, since Gypsum had other defenses pending at the time this court granted Gypsum's motion for summary judgment. The court observes that Prudential should not be precluded from an appeal because subsequent litigation may ensue, so long as such litigation does not duplicate Prudential's pending appeal. The remaining defenses, including the claim that Prudential has failed to demonstrate the existence of a substantive RICO claim, do not duplicate the matters resolved in this Court's Orders. Should the Third Circuit vacate this Court's Orders, then the bankruptcy court must confront Defendants' remaining defenses. This court does not equate efficiency with the speediest resolution of the parties' claims, if that resolution would circumvent full and fair litigation of those claims.

The court also finds that Gypsum's and U.S. Mineral's claims are separate and distinct from the other claims and counterclaims in this litigation. Although Prudential has brought this action against the defendants as co-conspirators under RICO, and Prudential's claims against Gypsum and US Mineral parallel the claims against Grace and other defendants, these claims are severable. Resolution of the statute of limitations applicable to the defendants based on when they knew or should have known of the hazards of asbestos is a question that can be determined

7

as to each defendant individually, and does not rely on resolution of Prudential's claims against other defendants. Likewise, issues of *res judicata* may be determined with respect to each defendant. For the same reason, this Court does not anticipate that review of such claims will be mooted by additional developments in the case.

Given that each of the other defendants in this case are either dissolved or in the midst of bankruptcy proceedings, each party's parallel claims will only reach the Third Circuit if they chose to appeal the bankruptcy court's decision in their respective cases. This court cannot conclude that efficiency or fairness requires Prudential to defer its appeal, given that no party can anticipate when or if Prudential's claims against such other defendants may emerge from bankruptcy.

Therefore, on this $\underline{28^{th}}$ day of $\underline{August}$, 2002, IT IS

ORDERED that Prudential's motion for certification pursuant to Rule 54(b) is GRANTED; and IT IS

ORDERED that this court's orders of June 20, 2001 and July 13, 2001 are certified for appeal to the United States Court of Appeals for the Third Circuit.

Harold A. Ackerman, U.S.D.J.

8